Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| BEYOND GROUP<br><br>Recurrente<br><br>v.<br><br>LOCAL REDEVELOPMENT AUTHORITY FOR ROOSEVELT ROADS; PRISA GROUP, LLC; MARINA VIEWS, LLC<br><br>Recurrida | KLRA202400620 | Revisión Judicial Procedente de Local Redevelopment Authority for Roosevelt Roads<br><br>Aviso de Adjudicación, Subasta Informal Núm. 2024-002<br><br>Sobre: Reconsideración de Subasta Informal (RFP) |
|---|---|---|

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 11 de febrero de 2025.

El 4 de noviembre de 2024, Beyond Group (en adelante, la recurrente) acudió ante este Tribunal de Apelaciones mediante *Recurso de Revisión* en el que nos solicita la revocación de la adjudicación enmendada de la subasta número *RFP#2024-002* emitida y notificada por la Junta de Directores de la Autoridad de Roosevelt Roads el 3 de septiembre de 2024. Allí, se adjudicó la buena pro del *Request for Proposal RFP#2024-002 Marina Development and Operation at Roosevelt Roads, Ceiba Puertro Rico* (en adelante, RFP#2024-002) a favor de PGI-HP, LLC haciendo negocios como PRISA, Group.

Estudiado el legajo apelativo y los documentos en él contenidos, por las razones que procedemos a exponer, confirmamos la adjudicación impugnada.

**-I-**

La Autoridad para el Desarrollo de Roosevelt Roads (en adelante la Autoridad), creada mediante la aprobación de la Ley 508-2004, tiene entre

sus varios propósitos el implantar el Plan de Re-uso para la Estación Naval Roosevelt Roads a ser elaborado por esta para el desarrollo local.[1] Conforme este propósito, el 4 de marzo de 2024, la Autoridad emitió el RFP#2024-002 e invitó a proponentes cualificados que tuvieran capacidad de desarrollar y mantener una marina en las instalaciones de Roosevelt Roads en Ceiba, Puerto Rico, a someter sus propuestas. Según el alcance de la solicitud de propuesta detalló, la Autoridad buscaba un proponente con la capacidad de diseñar, financiar, construir, operar y mantener una marina recreacional en las facilidades de la antigua base naval en Roosevelt Roads, Cidra, Puerto Rico. Conforme surge del legajo apelativo, dicha invitación fue contestada por Marina Views, LLC, Beyond Group y PRISA Group, quienes sometieron sus respectivas propuestas.

Evaluadas las propuestas presentadas, el 17 de julio de 2024, el Comité Evaluador notificó al director ejecutivo de la Autoridad los resultados de su análisis y evaluación. Allí, informó que asignó las siguientes puntuaciones a las propuestas:

a. Marina Views            83.97

b. Beyond Group            83.75

c. PRISA Group             83.09

Basándose en tales puntuaciones, el comité recomendó otorgar a Marina Views la designación del proyecto.[2] Ese mismo día, el Director Ejecutivo sometió a la Junta de Directores de la Autoridad la evaluación y recomendación hecha por el Comité. Debido a que el margen de diferencia en la puntuación otorgada entre todos los proponentes era menos de 1 punto, la Junta de Directores determinó citar a los proponentes para que presentaran sus propuestas ante sus miembros. Así hecho, el 7 de agosto de 2024, en reunión extraordinaria, los miembros de la junta emitieron su

---

[1] 25 LPRA Sec. 3051d.
[2] Véase Anejo 3 del Apéndice del alegato de la Autoridad.

opinión sobre las distintas presentaciones orales y emitieron su voto. La minuta de dicha reunión demuestra que PRISA Group obtuvo 6 votos. Beyond Group recibió 3, mientras que Marina Views no recibió voto alguno. En virtud de esto, el 9 de agosto de 2024, la Autoridad notificó a las partes la adjudicación del *RFP-2024-002* en favor de PRISA.

El 19 de agosto de 2024, la recurrente solicitó a la Autoridad copia de los documentos del expediente relacionado a la propuesta en controversia. La Autoridad notificó a las partes sobre esta solicitud y sobre que procedería a compartir con este proponente toda información relacionada a las propuestas que no fue marcada como confidencial. El 21 de agosto de 2024, la Autoridad proveyó el acceso a los documentos.

El 23 de agosto de 2024, la recurrente sometió ante la Junta Revisora de la Administración de Servicios Generales (en adelante, ASG) una solicitud de revisión administrativa. Allí, reclamó que el RFP-2024-002 debió ser trabajado a través de la Junta de Subastas de la ASG. El 5 de septiembre de 2024, la Autoridad compareció en dicho caso y solicitó su desestimación al reclamar ausencia de jurisdicción por parte de la ASG sobre el proceso de propuestas que se llevó a cabo.

Mientras tanto, el 11 de septiembre de 2024, la recurrente solicitó ante la Junta de Directores de la Autoridad reconsideración del otorgamiento en favor de PRISA del *RFP-2024-002*. El 23 de septiembre de 2024, ASG desestimó la petición de revisión administrativa sometida por la recurrente. Por su parte, el 25 de octubre de 2024, la Junta de Directores de la Autoridad se negó a reconsiderar. En desacuerdo con esta negativa, el 4 de noviembre de 2024, la recurrente instó el recurso de epígrafe. Allí, en síntesis, alegó que la Autoridad cometió los siguientes errores:

1. No llevar a cabo la Subasta Informal […] ante la Junta de Subasta de la Administración de Servicios Generales, según dispone la Ley 73-2019. Por lo que el RFP es contrario a derecho y nulo.

2. La Autoridad violentó el debido proceso de ley de Beyond Group al no proveerle la documentación presentada por PRISA bajo el pretexto de que esta contenía información privilegiada. Ello, violenta la Ley 141-2019.

3. Erró la Autoridad al adjudicar el *RFP-2024-002* cuando esta incumplió con lo siguiente:

   a. Presentar el desarrollo de "short term rental villa" en un área donde su zonificación solo permite construcciones de vivienda multifamiliar.

   b. No dedicar veinte por ciento de las unidades de viviendas que propuso construir a viviendas de interés social, dentro de un radio de 400 metros de distancia de las unidades de vivienda de mercado, según lo establece el Reglamento de Ordenación de Roosevelt Roads.

4. Erró la Autoridad al violentar los procedimientos textualmente establecidos en su Reglamento cuando el Comité Evaluador no presentó una propuesta final a la Oficina Ejecutiva y convocar directamente la Junta de Directores de la Autoridad.

5. Erró la Autoridad al adjudicar la subasta al licitador con menor puntuación en la evaluación.

6. Erró la Autoridad al adjudicar un proceso competitivo sin fundamentar su determinación para descartar la recomendación del Comité y solo explicar meras generalidades sobre la situación financiera y la experiencia del licitador agraciado.

Tras varios trámites relacionados a la solicitud de desestimación que las partes recurridas sometieran, habiéndose declarado esta No Ha Lugar, las partes recurridas sometieron sus respectivos alegatos en oposición al recurso. El 4 de diciembre de 2024, PRISA sometió *Alegato de PRISA Group en Oposición a Recurso de Revisión Judicial.* El día 16 del mismo mes y año, la Autoridad hizo lo propio. Contamos con el beneficio de la comparecencia de todas las partes, por lo que damos por sometido el asunto y procedemos a resolver.

**-II-**

*A.*

Es norma hartamente conocida y reiterada en nuestro ordenamiento jurídico que los foros apelativos deben conceder amplia deferencia a las decisiones administrativas debido a la experiencia y pericia que estos organismos, presumiblemente tienen respecto a las facultades que se les

han delegado. Otero Rivera v. Bella Retail Group, Inc., 2024 TSPR 70, 213 DPR ____, al citar a Graciani Rodríguez v. Garage Isla Verde, 202 DPR 117, 126 (2019) y Rolón Martínez v. Supte. Policía, 201 DPR 26, 35 (2018).[3]

De igual forma, y en cuanto a la controversia que hoy atendemos, es importante considerar que en lo que respecta a las subastas gubernamentales, la norma general es que las agencias administrativas retienen amplia discreción para evaluar las propuestas que se someten ante su consideración. Transporte Sonnell v. Junta de Subastas de la Autoridad de Carreteras, 2024 TSPR 82, 214 DPR ____, al mencionar a Caribbean Communications v. Pol. de PR, 176 DPR 978, 1006 (2009). Es por tal razón que, "[a]djudicada la buena pro, los tribunales no deben sustituir el criterio de la agencia o junta concernida, excepto si se demuestra que la decisión se tomó de forma arbitraria o caprichosa, o mediando fraude o mala fe". Caribbean Communications v. Pol. de P.R., *supra*, pág. 1006. En ausencia de estos elementos, ningún postor tiene derecho a quejarse cuando otra proposición es elegida como la "más ventajosa". *Íd.*

*B.*

Las subastas formales y los requerimientos de propuestas son los dos métodos que el Estado utiliza para adquirir sus bienes y servicios. Estos procesos buscan proteger el erario al fomentar la libre y diáfana competencia entre el mayor número de licitadores posible.[4] Además, estos métodos salvaguardan los intereses del Estado al procurar conseguir los precios más económicos; evitar el favoritismo, la corrupción, el dispendio,

---

[3] Reconocemos que recientemente el Tribunal Supremo Federal emitió una decisión en la que cuestionó gran parte de la jurisprudencia que dirige el proceso de revisión judicial que efectúan los tribunales sobre las decisiones administrativas. Particularmente, en cuanto a la deferencia que estas merecen al interpretar un estatuto ambiguo. Véase Loper Bright Enterprises et al., v. Raimondo, 603 US ____ (2024), 144 S. Ct. 2444. No obstante, es nuestro parecer que las circunstancias particulares del caso ante nuestra consideración no requieren que profundicemos sobre los fundamentos consignados en la mencionada decisión.

[4] Transporte Sonnell v. Junta de Subastas de la Autoridad de Carreteras, al citar a Puerto Rico Asphalt v. Junta, 203 DPR 734, 737 (2019); PR Eco Park, Inc. v. Mun. De Yauco, 202 DPR 525, 531 (2019) y R&B Power v. ELA, 170 DPR 606, 620-621 (2007).

la prevaricación, la extravagancia y el descuido al otorgarse los contratos y minimizar los riesgos de incumplimiento. Transporte Sonnell v. Junta de Subastas de la Autoridad de Carreteras, *supra,* y casos allí citados.

Debido a que la adjudicación de subastas gubernamentales conlleva el desembolso de fondos del erario, este procedimiento está revestido de un gran interés público y aspira a promover una sana administración pública. Caribbean Communications v. Pol. de PR, *supra,* a la pág. 994. Así pues, la consideración primordial al determinar quién debe ser favorecido en un proceso de adjudicación de subasta debe ser el interés público en proteger los fondos del Pueblo de Puerto Rico. *Íd.*

De otra parte, y en cuanto al requerimiento de propuestas, este método es utilizado para adquirir bienes o servicios especializados que involucran asuntos altamente técnicos y complejos o cuando existen escasos competidores cualificados. Dicho proceso es uno informal y flexible que admite negociaciones entre el oferente y la entidad gubernamental mientras se evalúan las propuestas recibidas. Transporte Sonnell v. Junta de Subastas de la Autoridad de Carreteras, *supra*, al discutir R&B Power v. ELA, *supra*. Dada la informalidad y flexibilidad de la que gozan, no existe una ley que regule con uniformidad el método de requerimiento de propuestas. Por tanto, las agencias administrativas son las facultadas a adoptar mediante reglamentación los procedimientos y las guías que los regirán. Transporte Sonnell v. Junta de Subastas de la Autoridad de Carreteras, *supra.*

## C.

La Ley Núm. 508-2004, creó la Autoridad para el Redesarrollo de los Terrenos y Facilidades de la Estación Naval Roosevelt Roads. Esta corporación pública fue creada con el propósito de elaborar e implantar un plan de re-uso para la Estación Naval Roosevelt Roads; dirigir, supervisar,

regular y mantener el desarrollo económico de los terrenos y facilidades de la mencionada estación, entre muchos otros. [5]

Así pues, la Autoridad podrá, mediante contratos de concesión administrativa, contratos de arrendamiento u otro tipo de contrato, acordar con una o varias personas el llevar a cabo las distintas fases de planificación, diseño, redesarrollo, construcción, financiamiento, operación y mantenimiento de los terrenos y las facilidades de la Estación Naval. Con tal propósito, entre otras cosas, podrá utilizar cualquier tipo de contrato que separe o combine las fases de planificación, diseño, redesarrollo, construcción, financiamiento, operación y mantenimiento. Dichos contratos, conducentes a la implantación o desarrollo del Plan de Desarrollo Maestro, se adjudicarán mediante un proceso de solicitud de propuestas y negociación. 25 LPRA Sec. 3051i.[6] La Junta de Directores de la Autoridad establecerá el proceso de selección de proponentes, así como la negociación de contrato mediante reglamento. Durante el mismo, la confidencialidad de la información suministrada por los proponentes y la información relacionada al proceso de selección, evaluación y adjudicación de las propuestas se regirá por los criterios que la Junta de Directores establezca. *Id.*, incisos a y e(ii).

**-III-**

En su primer error, la recurrente, reclama que el proceso de adjudicación del *RFP-2024-002* es contrario a derecho y nulo. A tales efectos argumenta que el mismo debió ser llevado a cabo ante la Junta de Subasta de la ASG conforme la Ley 73-2019, la que establece que todos los procesos de subasta no exceptuados deben ser realizados por la Junta de Subasta de dicha entidad. Así, y por esa razón, nos invita a resolver que las

---

[5] 25 LPRA Sec. 3051d.
[6] Por disposición de ley, al proceso de requerimiento de propuestas aquí mencionado no le aplican las disposiciones sobre contratos de construcción y compras regulado por el Artículo 12 de la Ley 508-2004.

disposiciones de subastas del mencionado estatuto son las aplicables al proceso de subasta de la Autoridad.

Estamos impedidos de atender este señalamiento de error. Atenderlo causaría que revisemos una determinación administrativa ya emitida en cuanto a dicha controversia que no fue impugnada a tiempo. Conforme arriba relatamos, el 23 de agosto de 2024, la recurrente compareció ante la ASG para solicitar la revisión administrativa de la adjudicación del *RFP-2024-002*. En cuanto a tal petición, el 23 de septiembre del mismo año, la Junta de Subastas de la ASG emitió una *Resolución* mediante la cual resolvió que carecía de jurisdicción para atender el caso, puesto que el proyecto, "claramente se asemeja a una Alianza Público Privada" y "no cae bajo las definiciones de las compras que deben realizarse conforme a la Ley Núm. 73-2019." No surge que la recurrente acudió ante este Tribunal de Apelaciones en revisión judicial del decreto de falta de jurisdicción emitido por la ASG. Por consiguiente, la decisión de inaplicabilidad de la Ley 73-2019 al proceso de *RFP-2024-002* enunciada en tal ocasión advino final y firme.

Procedemos ahora a atender los restantes señalamientos de error de la recurrente. A través de estos, reclama violación al debido proceso de ley, así como a las disposiciones de la Ley 141-2019, al no habérsele producido copia de la propuesta presentada por PRISA al solicitar copia del expediente administrativo. Asimismo, afirma que la adjudicación del *RFP-2024-002* es contraria a derecho y debe dejarse sin efecto, por varias razones.

Primeramente, plantea que el Reglamento de Ordenación de Roosevelt Roads establece que las primeras dos plantas de los edificios que se construyan se usarán para fines residenciales mediante el establecimiento de viviendas multifamiliares y casa de apartamentos. La recurrente señala que, contrario a esta clara disposición, la propuesta de PRISA propuso la construcción de 60 villas para rentarse a corto plazo

("short-term villas"). Asimismo, aduce que la propuesta de PRISA no dedicó 20% de las unidades propuestas a viviendas de interés social según requiere la Sección 2.1.3 2(a) del mismo reglamento.[7]

Por otro lado, la recurrente señala que, en el caso de autos, el Comité Evaluador incumplió con la Sección 23.02 del Reglamento 9366, pues el Comité Evaluador no presentó su evaluación, análisis y recomendación final a la Oficina Ejecutiva, sino que acudió directamente a la Junta de Directores. Basándose en ello, expone que "surge del expediente y de la determinación recurrida que la Junta de la Autoridad tomó la determinación sin tener la recomendación final de la Oficina Ejecutiv[a] como obliga su propio reglamento".[8]

En tercer lugar, la recurrente expone que procede revocar la adjudicación del *RFP-2024-002*, ya que la misma fue concedida al postor con menor puntuación en la evaluación. Con respecto a esto, en su escrito incluye una tabla ilustrativa sobre los factores financieros más importantes que debían ser evaluados de la cual puede apreciarse que, para cada uno de estos, obtuvo una puntuación más alta a la otorgada a PRISA. Por último, cataloga de insuficiente las razones brindadas por la Junta de Directores de la Autoridad para pasar por alto que PRISA obtuvo la menor puntuación y adjudicarle la propuesta.

Evaluado minuciosamente el expediente, particularmente los documentos que conforman los distintos apéndices sometidos ante nuestra consideración, resolvemos que nada hay en este que nos mueva a variar la determinación impugnada. Alcanzamos tal conclusión al estimar que los

---

[7] Toda vez que por virtud de la Orden Ejecutiva OE-2024-024 se derogó el *Reglamento de Ordenación de los Terrenos y la Forma Urbana de la Antigua Base Naval de Roosevelt Roads* en el cual Beyond Group descansa, nada dispondremos en esta Sentencia en cuanto a este argumento específico.

[8] La disposición reglamentaria citada por Beyond Group no es aquella que aplica al caso de autos, puesto que el reglamento que rigió el procedimiento es el *Regulation for the Disposal of Real Estate and the Acquisition of Goods and Services for the Implementation of the Master Development Plan of the Local Redevelopment Authority for Roosevelt Roads,* LRA Regulation 2024-001 aprobado el 22 de febrero de 2024.

argumentos sometidos por la recurrente a los fines de impugnar la adjudicación del RFP-2024-002 no demuestran arbitrariedad alguna por parte de la Junta de Subastas de la Autoridad en la adjudicación recurrida que justifique nuestra intervención.

En primer lugar, la Sección 26.12 del LRA Regulation 2024-001 que derogó el Reglamento 9366 citado por la recurrente, establece que las propuestas y los documentos relacionados a estas, así como las evaluaciones, discusiones y negociaciones serán confidenciales durante la evaluación y negociación **hasta la firma del contrato**.[9] Beyond Group no impugna la clasificación confidencialidad decretada en la citada sección, si no que se limita a reclamar que cierta información no le fue producida.

Segundo, es incorrecto que la Junta de Directores adjudicó la propuesta sin contar con un referido y recomendación de la Oficina Ejecutiva. Basta examinar el expediente administrativo para apreciar que el Comité Evaluador hizo entrega de su análisis, evaluación y recomendación al Director Ejecutivo de la Autoridad, quien refirió la misma a la atención de la Junta de Directores. De igual forma, el legajo evidencia que toda vez que el margen de diferencia entre los proponentes era menos de un punto, la Junta de Directores decidió solicitar que los proponentes realizaran una presentación oral y así estar en una mejor posición para emitir una determinación.[10]

Es más, debido a este requerimiento de un informe oral, similar desatino encontramos en la alegación de la recurrente que plantea que la adjudicación del *RFP-2024-002* se hizo en favor del proponente con menor puntuación y que la notificación de la adjudicación no justificó tal acción. Esta mera afirmación ignora que una vez la Junta de Directores tuvo el

---

[9] No pasa por desapercibido que el Reglamento 9366 citado por la recurrente contiene una disposición similar en cuanto a la confidencialidad de los documentos de propuestas.

[10] Véase Minuta de Reunión Ordinaria del 17 de julio de 2024, págs. 41-46 del Apéndice de *Alegato de la Autoridad para el Redesarrollo de Rosevelt Roads en Oposición a Recurso de Revisión Judicial.*

beneficio de las respectivas presentaciones orales, en la Reunión Extraordinaria que celebraron el 7 de agosto de 2024, cada uno de sus miembros expresó su parecer sobre los proponentes y emitió un voto para la adjudicación de la propuesta. En dicha votación PRISA obtuvo 6 de los 9 votos emitidos, por lo que fue el proponente prevaleciente.[11]

Como puede observarse, los distintos argumentos que la recurrente levanta son insuficientes para mostrar que la adjudicación del RFP-2024-002 a favor de PRISA respondió a arbitrariedad, capricho, favoritismo o fraude por su parte. Por tal razón, la deferencia que este tribunal debe demostrar hacia la determinación del organismo administrativo especializado, no nos permite sustituir el criterio de la Junta de Subastas por el nuestro.

IV

Por los fundamentos antes esbozados, se **confirma** la determinación recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] *Íd*, págs. 50-56